Filed 2/8/23  P. v. Ervin CA2/8
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B309740 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA090280) |
| v. | |
| FRANK ERVIN et al., | |
| Defendants and Appellants. | |

APPEAL from judgments of the Superior Court of Los Angeles County.  James D. Otto, Judge.  Reversed and remanded with directions.

Matthew Alger, under appointment by the Court of Appeal, for Defendant and Appellant Frank Ervin.

Susan K. Shaler, under appointment by the Court of Appeal, for Defendant and Appellant Shawn Verrette.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez, Charles S. Lee and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendants and appellants Frank Ervin and Shawn Verrette are each serving a life sentence without the possibility of parole for the special circumstance murder and robbery of Franklin Robles.  Defendants appeal from the orders denying their respective petitions for resentencing pursuant to Penal Code section 1172.6 (formerly § 1170.95).  During the pendency of this appeal, former section 1170.95 was renumbered as section 1172.6 with no change in the text.  (Stats. 2022, ch. 58, § 10.)  We refer to the statute only by its new designation for clarity.

We reverse both orders denying defendants' petitions and remand for the trial court to conduct further proceedings pursuant to Penal Code section 1172.6.

## BACKGROUND

Ervin, Verrette and a third defendant, Luis Orozco, were charged with the 2010 special circumstance murder of Franklin Robles.  (Pen. Code, §§ 187, subd. (a), 190.2, subd. (a)(17); count 1.)  They were also charged with robbery (§ 211; count 2), residential burglary (§ 459; count 3) and conspiracy to commit a crime (§ 182, subd. (a)(1); count 4).  Various firearm use and prior conviction allegations were also alleged.  Orozco is not a party to this appeal.

The first joint trial of Ervin, Verrette and Orozco resulted in a mistrial due to juror misconduct.  The retrial proceeded in October 2015.  The jury found all three defendants guilty of murder, robbery and conspiracy to commit a crime and found true the robbery-murder special-circumstance allegation and various firearm use allegations.

2

In December 2018, we affirmed defendants' convictions after modifying Ervin's and Verrette's respective sentences to reflect imposition of only one life term on count 1 and remanding for resentencing in light of the passage of Senate Bills 620 and 1393 (2017–2018 Reg. Sess.) during the pendency of that appeal. (*People v. Orozco* (Dec. 14, 2018, B276130) [nonpub. opn.].)

That same year, Senate Bill 1437 (2017–2018 Reg. Sess.) was passed, amending the law regarding felony murder and the natural and probable consequences doctrine. Both Ervin and Verrette filed petitions requesting resentencing pursuant to Penal Code section 1172.6, a statute enacted as part of the legislative changes effected by Senate Bill 1437. (Stats. 2018, ch. 1015, § 4.)

In November 2020, the same judge who had presided over the 2015 retrial issued an order summarily denying both petitions. The court found that neither Verrette nor Ervin had demonstrated a prima facie case for relief, basing its decision in part on the fact the jury had found true the felony-murder special-circumstance allegation.

Defendants appealed. We affirmed the denial of defendants' petitions. (*People v. Ervin* (Feb. 25, 2022, B309740) [nonpub. opn.].) At that time, there was a split in the Courts of Appeal as to whether a jury's true finding on a special circumstance allegation pursuant to Penal Code section 190.2 precluded resentencing relief under section 1172.6. In affirming the trial court's denial, we said that pending further guidance from the Supreme Court, we would follow those cases concluding a true finding did preclude relief and that a defendant's remedy was to pursue relief by way of habeas corpus.

Defendants sought and were granted review by the Supreme Court. In August 2022, the Supreme Court issued its decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Thereafter, the Supreme Court transferred this case to us with directions to vacate our decision and reconsider the matter in light of *Strong*. In supplemental briefing to this court, the parties agree that remand is warranted to allow the trial court to conduct an evidentiary hearing in accordance with Penal Code section 1172.6.

Having vacated our prior decision and reconsidered the issues presented in light of *Strong*, we reverse and remand with directions to the superior court to issue an order to show cause and conduct further proceedings in accordance with Penal Code section 1172.6, subdivision (d).

## DISCUSSION

The Supreme Court explained in *Strong* that its decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, "both substantially clarified the law governing findings under Penal Code section 190.2, subdivision (d): *Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to act with reckless indifference to human life, while *Clark* further refined the reckless indifference inquiry." (*Strong, supra,* 13 Cal.5th at pp. 706–707.) As a result, *Strong* concluded that "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark.*" (*Strong,* at p. 710.)

4

Here, the jury convicted defendants of murder and made its true findings on the robbery-murder special-circumstance allegation in October 2015, shortly after *Banks* was issued and several months before *Clark* was decided. The People concede that remand is appropriate in light of the Supreme Court's discussion and holding in *Strong*.

We agree. We therefore reverse the trial court's denial of both defendants' resentencing petitions and remand for further proceedings pursuant to Penal Code section 1172.6.

## DISPOSITION

The orders denying defendants and appellants Frank Ervin's and Shawn Verrette's respective petitions for resentencing are reversed and the case remanded to the superior court. On remand, the superior court is directed to issue an order to show cause and conduct further proceedings in accordance with Penal Code section 1172.6, subdivision (d).


GRIMES, Acting P. J.

WE CONCUR:


WILEY, J.


VIRAMONTES, J.

5